**CLERK'S OFFICE**
A TRUE COPY
Aug 30, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information associated with the cellular device assigned<br>call number 920-539-9279 | ) ) ) ) ) ) )  Case No. 24-M-486 (SCD) |

## SEARCH AND SEIZURE WARRANT

**To:** Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Wisconsin  
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   9-13-24   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Stephen C. Dries  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   8-30-24. 3:00 pm  
                                                                 *Stephen C. Dries*
                                                                 *Judge's signature*

City and state:   Milwaukee, Wisconsin           Stephen C. Dries, U.S. Magistrate Judge
                                                                          *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number call number 920-539-9279, with International Mobile Subscriber Identity/Electronic Serial Number 311480195668998 ("the SUBJECT PHONE"), that is stored at premises controlled by Cellco Partnership, d/b/a Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Rd, Bedminster, NJ 07921.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period 08/01/2023 through present:

   a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers [call detail records], email addresses, and IP addresses); and

      ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 18 U.S.C. §§ 922(a)(1) and 18 U.S.C. §§ 933 by Michael G. CEMAN (M/W DOB XX/XX/1957) during the period 08/01/2023 and 08/30/2024.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3

Case 2:24-mj-00486-SCD     Filed 08/30/24     Page 5 of 18     Document 1

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Aug 30, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                       )    Case No. 24-M-486 (SCD)
**Information associated with the cellular device** )
**assigned call number 920-539-9279** )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

    I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the     Eastern     District of     Wisconsin    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

    The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

        ☑ evidence of a crime;

        ❒ contraband, fruits of crime, or other items illegally possessed;

        ❒ property designed for use, intended for use, or used in committing a crime;

        ❒ a person to be arrested or a person who is unlawfully restrained.

    The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(a)(1) | Dealing firearms without a license |
| 18 USC 933 | Firearms trafficking |

    The application is based on these facts:
See attached Affidavit.

        ☑ Continued on the attached sheet.

        ❒ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

                                                                     *Applicant's signature*

                                             Bradley Kurtzweil, ATF Special Agent
                                                      *Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
    telephone     *(specify reliable electronic means)*.

Date:     8-30-24    
                                                                    *Judge's signature*

City and state:     Milwaukee, Wisconsin         Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                                      *Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Bradley Kurtzweil, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number 920-539-9279, with International Mobile Subscriber Identity/Electronic Serial Number 311480195668998 ("the SUBJECT PHONE"), that is stored at premises controlled by Cellco Partnership, d.b.a. Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Rd, Bedminster, NJ 07921. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Cellco Partnership, d/b/a Verizon Wireless to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed since March 2020. My duties with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

3. I completed approximately 26 weeks of training (approximately 1000 hours) at the Federal Law Enforcement Training Center (Glynco, Georgia) and ATF's National Academy. The training included courses on constitutional law such as search and seizure, and conducting investigations through searches, arrests, interviews, surveillance, and evidence collection.

4. During my time at ATF, I have attended specialized training from the ATF related to the determining the interstate NEXUS of firearms and ammunitions. I regularly perform physical examinations of firearms for various purposes, including a determination of interstate/foreign commerce nexus and appropriate classification under the Gun Control Act of 1968. Additionally, I frequently conduct research by referencing industry-related public reference materials widely utilized by law enforcement and civilian firearms experts, manufacturer's websites, law enforcement reports, records maintained by ATF as part of its function to regulate the firearms and ammunition industry, as well as conversations with manufacturers and/or other experts in the industry. I have also interviewed multiple individuals involved in firearms and drug trafficking, obtaining information regarding acquisition, sale, importation, manufacture, and distribution of firearms and controlled substances, resulting in prosecutions, convictions and the seizure of illegal drugs and weapons.

5. Prior to joining ATF, I was a sworn Police Officer in the State of Illinois from March 2011 to March 2020. I completed 12 Weeks (approximately 480 hours) of basic training at the Illinois State Police Academy from April 2011 to June 2011.

6. My most recent position was with the Bolingbrook Police Department in Bolingbrook, Illinois, where I was a Patrol Officer from December 2012 until March 2020. From July 2017 until March 2020, I also served as an Evidence Technician, assigned to Patrol. During my time in Bolingbrook, I received eight Written Recognitions and two Commendations.

7. During my career as a Police Officer, I attended approximately 520 hours of additional training in areas including evidence collection, interview/interrogation, arson and explosives, gang investigations, and drug investigations.

8. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

9. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 922(a)(1) (Dealing firearms without a license) and 18 U.S.C. §§ 933 (Firearms Trafficking) have been committed, are being committed, and will be committed by Michael G. CEMAN (M/W DOB XX/XX/1957), of Markesan, WI. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B.

## PROBABLE CAUSE

10. In September 2014, ATF Milwaukee Industry Operations (IO) received a referral from the State of Wisconsin Department of Justice (WDOJ) Crime Information Bureau regarding information they had received from Federal Firearms Licensee (FFL) John L. Lauritzen, operating as Lauritzen Enterprises, regarding purchases made by CEMAN. The referral advised that CEMAN appeared to be structuring handgun purchases in a manner to avoid multiple sales reporting on ATF Form 3310.4 – Report of Multiple Sale or Disposition of Pistols or Revolvers ("Report of Multiple Sale"), and that CEMAN had asked requested Lauritzen to submit separate background checks to the WDOJ Firearms Unit for each individual handgun that CEMAN purchased, even when purchasing more than one handgun in the same transaction. CEMAN reportedly believed that if individual handguns were purchased with separate background checks, even when purchased at the same time, then a Report of Multiple Sale need not be submitted to ATF. The referral also stated Lauritzen did not understand that multiple handgun sales must be

3

reported if transfers occurred to the same purchaser within five-business days. Due to this apparent reporting noncompliance, Industry Operations Investigator (IOI) Miguel Ruiz initiated a compliance inspection of Lauritzen Enterprises on December 1, 2014, resulting in citations for violations, which included failure to submit multiple handgun sales reports. Lauritzen later advised IOI Ruiz that he had told CEMAN of the violations found during the ATF inspection and explained the multiple reporting rules to CEMAN at that time.

11. In May 2016, IOI Ruiz identified and reviewed firearms purchases made by CEMAN from March 2015 to May 2016 and determined CEMAN appeared to be structuring purchases at several different FFL's to avoid the multiple-sales reporting requirement. As a result, on May 16, 2016, IOI Ruiz sent a referral (2016-0016) to the ATF Milwaukee Criminal Enforcement (CE) division for follow up into CEMAN's firearms purchases.

12. On May 26, 2016, ATF Special Agent (retired) Sandra DeValkenaere opened ATF Case 778040-16-0058 into possible violations of Federal firearms laws by CEMAN. At the time SA DeValkenaere opened her investigation, she determined CEMAN conducted 15 purchases of multiple firearms, including purchasing more than one handgun or revolver within a 5-day period from the same FFL. SA DeValkenaere also determined, law enforcement also recovered 3 firearms, traced to CEMAN, during firearms-related offenses. Specifically, those recoveries were by US Customs in Virgina – 761-day Time to Crime (TTC); the Brown County Sheriff's Office in Green Bay, WI – 356-day TTC; and the Milwaukee Police Department in Milwaukee, WI - 321-day TTC. Time to Crime is the amount of time from when the firearm is originally purchased to when it is recovered by law enforcement. SA DeValkenaere also determined that CEMAN had purchased firearms from at least 10 different FFLs.

13. On June 6, 2016, SA DeValkenaere and a Green Lake County Sheriff's Office Deputy met with CEMAN at his residence. At that time, CEMAN stated he kept no records of his firearms purchases or sales. He also admitted that he frequented gun shows, where he shared a table with a friend. At this time, SA DeValkenaere advised CEMAN of federal law pertaining to the selling of firearms and served CEMAN with an ATF Warning Notice of Unlicensed Dealing of Firearms in Violation of Federal Law, which CEMAN signed. Believing CEMAN would not continue the same purchasing and selling behavior, SA DeValkenaere subsequently closed her investigation into CEMAN.

14. In February of 2017, SA DeValkenaere renewed her investigation into CEMAN when she learned he continued to purchase firearms after June 6, 2016. Efforts to surveil CEMAN in November and December 2017 were unsuccessful at locating him at local gun shows where he was believed to be reselling the firearms that he had purchased. In February 2018, the investigation into CEMAN was again closed due to SA DeValkenaere's impending retirement.

15. In December of 2023, IOI Ruiz conducted a compliance inspection at FFL Wildo Corp., d/b/a Holliday Food & Sport, in Waupun, WI covering December 12, 2022 to December 12, 2023. IOI Ruiz determined that during this one-year timeframe, CEMAN had purchased 101 firearms from FFL Wildo Corp., d/b/a Holliday Food & Sport, in Waupun, WI. IOI Ruiz also determined that CEMAN had made additional firearms purchases from this FFL prior to the December 12, 2022 to December 12, 2023 timeframe. With regard to these firearms purchases, IOI Ruiz observed that CEMAN still appeared to be structuring his purchases to avoid multiple sales reporting laws. On March 4, 2024, another referral was sent by IOI Ruiz to the ATF Milwaukee CE division for investigation into CEMAN's purchasing and selling habits (LEAD 24-1117). The case was assigned to your Affiant.

5

16. Your Affiant identified 12 instances between June 2015 and August 2024 when firearms, originally purchased by CEMAN, were recovered during firearms-related offenses. Your Affiant noted that 8 recoveries were of firearms that CEMAN purchased after SA DeValkenaere had served him with the ATF warning notice. Your Affiant observed the TTCs of the 12 recoveries ranged from 259 days to 1596 days, with recoveries by Customs and Border Protection (CBP) in Norfolk, VA (1 firearm); Brown County Sheriff's Office in Green Bay WI (1 firearm); Milwaukee Police Department in Milwaukee, WI (3); Drug Enforcement Agency (DEA) in Milwaukee, WI (1 firearm); Brooklyn Park Police Department in Brooklyn Park, MN (1 firearm); Clark County Sheriff's Office in Vancouver, WA (1 firearm); Waukegan Police Department in Waukegan, IL (1 firearm); Madison Police Department in Madison, WI (2 firearms); and St Francis Police Department in St. Francis, WI (1 firearm). Your Affiant also determined that between May 8, 2024 and August 29, 2024, CEMAN purchased at least 37 firearms from 5 different FFLs.

17. Your Affiant contacted the Wisconsin DOJ Firearms Unit in May 2024, whose records indicated that CEMAN's phone number was 920-539-9279 (the "SUBJECT PHONE"). Using law enforcement databases, your Affiant determined the service provider for the SUBJECT PHONE is Cellco Partnership, d/b/a Verizon Wireless.

18. Your Affiant reviewed Verizon Wireless records, which indicated the SUBJECT PHONE was registered to "Karla Ceman," who resides at N2607 County Road Q, Markesan, WI 53946, which is Michael CEMAN's address per the Wisconsin Department of Transportation (DOT), as well as, the personal address CEMAN recorded on all ATF Forms 4473 (Firearms Transaction record) he completed during firearms purchases at FFL Wildo Corp., d/b/a Holliday Food & Sport, in Waupun, WI from December 12, 2022 to December 12, 2023. A review of

the Verizon call history for the SUBJECT PHONE identified approximately seven separate FFLs, six of which are in the Eastern District of Wisconsin, that were contacted by the user of the SUBJECT PHONE between April 4, 2023 and March 3, 2024. On July 28, 2024, CEMAN listed his phone number as 920-539-9279 (the SUBJECT PHONE) on a Wisconsin DOJ Firearms Dealer Notification (Handgun Transfers) Form, during the purchase of a firearm at FFL Dunham's Sports in Beaver Dam, WI. Based on the foregoing, your Affiant believes that CEMAN is the current user of the SUBJECT PHONE.

19. Your Affiant believes that by obtaining and reviewing historical cell site data from the SUBJECT PHONE, your Affiant will be able to identify other FFL's frequented by CEMAN, as well as gun shows frequented by CEMAN, which would further allow your Affiant to identify firearms purchases and sales by CEMAN that may be in violation of Federal law.

20. In my training and experience, I have learned that Cellco Partnership, d/b/a Verizon Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the

cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

21. Based on my training and experience, I know that Cellco Partnership, d/b/a Verizon Wireless can collect cell-site data about the SUBJECT PHONE. I also know that wireless providers such as Cellco Partnership, d/b/a Verizon Wireless typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

22. Based on my training and experience, I know that Cellco Partnership, d/b/a Verizon Wireless also collects per-call measurement data, which Cellco Partnership, d/b/a Verizon Wireless also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based on the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

23. Based on my training and experience, I know that wireless providers such as Cellco Partnership, d/b/a Verizon Wireless typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Cellco Partnership, d/b/a Verizon Wireless typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information

can be used to identify the SUBJECT PHONE's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

24. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

26. I further request that the Court direct Cellco Partnership, d/b/a Verizon Wireless to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Cellco Partnership, d/b/a Verizon Wireless, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number call number 920-539-9279, with International Mobile Subscriber Identity/Electronic Serial Number 311480195668998 ("the SUBJECT PHONE"), that is stored at premises controlled by Cellco Partnership, d/b/a Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Rd, Bedminster, NJ 07921.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period 08/01/2023 through present:

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers [call detail records], email addresses, and IP addresses); and

ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 18 U.S.C. §§ 922(a)(1) and 18 U.S.C. §§ 933 by Michael G. CEMAN (M/W DOB XX/XX/1957) during the period 08/01/2023 and 08/30/2024.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.